UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| AMP (XXX-XX-6280) | CIVIL ACTION NO. 12-cv-0916 |
| VERSUS | JUDGE FOOTE |
| U.S. COMMISSIONER SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

AMP ("Plaintiff") was born in 1988, has an 11th-grade education, and has worked briefly in a few cashier and similar jobs. She applied for child's insurance benefits, SSI, and disability insurance benefits based on a claim that she became disabled beginning in September 2009 because of problems related to diabetes and depression.

ALJ Mary Elizabeth Johnson found that Plaintiff was extremely limited but nonetheless able to perform the demands of two jobs, document preparer and addresser, identified by a vocational expert ("VE"). The Appeals Council denied a request for review, and Plaintiff appealed to this court. Her brief challenges the Commissioner's finding regarding the extent of limitations caused by her diabetes and depression, challenges the Commissioner's assessment of her credibility, and faults the Commissioner for not evaluating her obesity pursuant to Social Security Ruling 02-1p.

This court does not ordinarily address issues not specifically raised by the claimant, but in the course of reviewing the record encountered what appears to be a plain error that

deprives the administrative decision of substantial evidence to support it. The error regards the ALJ's apparent misunderstanding of the VE's testimony and is significant enough to require reversal even though not raised by Plaintiff. For the reasons that follow, it is recommended that the Commissioner's decision be reversed and the case be remanded for further proceedings.

**Five-Step Analysis**

The ALJ analyzed Plaintiff's claim under the five-step sequential analysis established in the regulations. It requires the ALJ to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. The claimant bears the burden of showing he is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there are jobs that exist in significant numbers that the claimant can perform. If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends. See Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007).

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The ALJ found that Plaintiff was not engaged in substantial gainful activity (step one). She next found that Plaintiff suffered from depression, diabetes, and pain disorder, impairments that are severe within the meaning of the regulations (step two) but not so severe as to meet a listed impairment (step three) that would require a finding of disability without regard to age, education, or vocational factors.

Before going from step three to step four, the ALJ assesses a claimant's residual functional capacity ("RFC") by determining the most the claimant can still do despite his or her limitations. 20 C.F.R. §§ 404.1520(a)(4) and 404.1545(a)(1). The claimant's RFC is then used at steps four and five to determine if the claimant can still do her past relevant work or adjust to other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520(e).

The ALJ weighed the testimony and medical evidence and determined that Plaintiff had the RFC to perform sedentary work, subject to additional limitations. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. A sedentary job involves sitting, but a certain amount of walking and standing is often necessary to carry out job duties. A job is sedentary

if walking and standing are required occasionally (up to a total of 2 hours per workday) and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a) and 416.967(a); Social Security Ruling 83-10.

The additional limitations found by the ALJ were that Plaintiff could do work that requires her to understand, carry out, and remember simple instructions and use judgment to make simple, work-related decisions. She could have occasional interaction with coworkers but none with the general public. She could deal with changes in a routine - not varying - work setting. She could not operate motorized vehicles. And, most important to this appeal, the ALJ found: "She must be able to prop her legs up at the waist level." Tr. 15.

VE Lenora Maatouk testified at the hearing that Plaintiff's past relevant work was light or medium. Tr. 40-41. The ALJ accepted that testimony and found at step four that Plaintiff could not perform the demands of her past relevant work. Tr. 18.

The ALJ also solicited testimony from the VE for use at step five. Testimony from a VE may provide substantial evidence with respect to step five if the ALJ poses a hypothetical question to the VE that reasonably incorporates all limitations of the claimant that are recognized by the ALJ. Bolling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994). See also Boyd v. Apfel, 239 F.3d 698, 707 (5th Cir. 2001). The ALJ first asked the VE to assume a claimant with an RFC for basic sedentary work with some additional limitations. The ALJ then listed the limitations such as simple instructions, interactions with coworkers and the public, and that the claimant "must be able to have her, her legs propped up at waist or below level." The VE said there were no jobs that such a person could perform. The ALJ asked

why, and the VE explained: "If she's got to have her legs propped up at waist level, there, there won't be work." Tr. 41. The ALJ asked at what point that would change. The VE answered: "If it's below waist level, and they can be under a table or under a desk ... there are jobs that could be done, but if it's waist level then that's where your table or desk would be, and I - - that's a little bit too high to be able to do work." Tr. 42.

The ALJ then posed a hypothetical in which "the legs would need to be propped up at below the waist level" and asked if that changed the equation. The VE said that a claimant with that ability could perform the demands of document preparer (276 jobs in Louisiana) and addresser (174 jobs in Louisiana), with those numbers reduced by 25% to eliminate part-time work. Tr. 42.

The ALJ stated in her RFC finding that the claimant must be able to prop her legs up "at the waist level" (Tr. 15), and she repeated that precise limitation later in the opinion. Tr. 18. She concluded at step five that the VE had testified that the document preparer and addresser jobs could be performed by an individual with the claimant's RFC and other relevant factors. Tr. 19. The undersigned's reading of the testimony indicates, however, that the VE testified that a person who must prop her legs at the waist level, as the ALJ found Plaintiff must, could not perform those jobs or any other jobs. It appears, therefore, that the ALJ's step-five decision is not supported by the VE's testimony or other substantial evidence.

The undersigned recognizes that this issue was not raised by Plaintiff, so the Commissioner did not get an opportunity to brief it, and there could be other material in the

record that affects this view of the evidence. The Commissioner will have an opportunity to file objections to this report and recommendation and point to any such evidence. As it stands, it appears that the ALJ's decision is not supported by substantial evidence and must be reversed.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be **reversed** and this case be **remanded** to the Agency for further proceedings consistent with the court's decision.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of June, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE